UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

WILLARD E. BARTEL and DAVID C. PEEBLES,           No:  2:11CV31282
Administrators for Enrique Silva,                 JUDGE ROBRENO
Deceased (DOD 07/30/10), Plaintiff,

    vs

Academy Tankers Inc.
Afram Lines
American Trading Transp. Co.
Charles Kurz & Company Inc.
Chesterton Co., A. W.
Crane Company
Crown, Cork & Seal Co., Inc.
Farrell Lines Inc.
Gatke Corporation
General Refractories
IMO Industries, Inc.
John Crane Inc.
Keystone Shipping Company
Keystone Tankship Corporation
Marine Transport Lines Inc.
Penn Attransco Corp.
Trinidad Corporation

    Jointly and Severally, 17 Defendants

FIRST AMENDED COMPLAINT
[D3004]

NOW COMES Plaintiff through counsel undersigned of The Maritime Asbestosis Legal Clinic, a Division of The Jaques Admiralty Law Firm, and in declaring against Defendants, jointly and severally, states as follows:

1.     This Court takes jurisdiction of this cause by virtue of Article III, Section 2 of the Constitution of the United States, and by virtue of the Jones Act, 46 U.S.C.A. 30104 and with regard to the Products Defendants, by virtue of 28 U.S.C. 1332, whereby the parties are citizens of different states, Defendants being corporations incorporated under a state or sovereignty and having their respective principal place of business in a state or sovereignty other than the state of citizenship of Plaintiff; but in the event of individual variance therefrom as herein pleaded aforesaid, then Plaintiff for such variance hereby invokes Rule 9(h) of the Federal Rules of Civil Procedure constituting an admiralty cause; and the amount in controversy as to the named Plaintiff exceeds Seventy Five Thousand ($75,000.00) Dollars.

2.     Plaintiffs are the duly appointed administrators of the estate herein and bring this cause of action in behalf of the estate above styled in the said representative capacity.

3.     Plaintiffs' decedent was a career Merchant Mariner who spent his life as a seaman aboard divers American ships, plying waters, domestic and foreign, port-to-port throughout the world; and while aboard Defendants' ships as a crewmember, Plaintiffs' decedent was constantly exposed to asbestos friable fibers, causing him to breathe into his system carcinogenic asbestos dust resulting in harm to Plaintiffs' decedent, which events of harm occurred constantly and while in many waters and ports-of-call wherein venue, no matter where laid, is inconvenient to the numerous scattered parties herein, along with multiple divers witnesses.

4.     Alternatively and/or in addition thereto, Plaintiffs' decedent sailed aboard American ships in a capacity other than that of a Merchant Mariner and while aboard the aforesaid ships Plaintiffs' decedent was constantly exposed to asbestos friable fibers, causing him to breathe into his system carcinogenic asbestos dust resulting in harm and death to Plaintiffs' decedent, which events of harm occurred constantly and while in many waters and ports-of-call wherein venue, no matter where laid, is inconvenient to the numerous scattered parties herein, along with multiple divers witnesses.

5.     Alternatively and/or in addition thereto, Plaintiffs' decedent was employed at various land-based facilities, and while working at these facilities Plaintiffs' decedent was constantly exposed to asbestos friable fibers, causing him to breathe into his system carcinogenic asbestos dust resulting in harm and death to Plaintiffs' decedent.

6.     Aboard the ships the Plaintiffs' decedent sailed throughout his career, asbestos products were placed on the vessels by Manufacturing Defendants and Distributors of this cause, creating shipboard atmospheric environment of perilous carcinogen toxin, rendering the workplace of the Plaintiff's decedent aboard each vessel an unseaworthy condition.

7. Defendant Shipowners negligently maintained each respective vessel in an unsafe, unseaworthy condition in causing crewmen exposure to divers forms and substance of toxic chemicals and carcinogens inclusive of but not limited to friable asbestos, passive inhalation of smoke from accumulated smoke from exhaled smoke and burning cigarettes that formed clouds of smoke within an atmosphere of smoke cloud formation as well as accumulated dust, the stagnant condition of which persisted without abating for want of proper ventilation.

8. As against Shipowner employers, independently or as successors-in-interest, Plaintiffs seek to thrust two causes of action: negligence under The Jones Act, 46 U.S.C. 30104. and unseaworthiness of each vessel under the General Admiralty and Maritime Law whereby the Shipowner warrants to crewmen to provide a reasonably safe vessel and working conditions, reasonably fit for the purpose for which it was intended which implied warranty was substantially breached by the Shipowner Defendants.

9. As to Shipbuilder as well as Machinery Manufacturer Defendants, independently or as successor-in-interest, manufacturers of boilers, generators, etc., aboard the respective vessels, each of said Defendants contemplated use of asbestos insulation thereon as well as use of asbestos products as integral parts thereof, fibers from which emitted into the atmosphere and circulated about the work and living areas of the vessel to which the crewmen were forced to breathe into their systems.

10. As to the Manufacturers and Distributors, independently or as successor-in-interest, of asbestos and asbestos products, said Defendants designed, manufactured and marketed asbestos products which were placed aboard divers merchant ships on which Plaintiffs' decedent served as crewman; and Plaintiffs' decedent thereupon was exposed to asbestos toxic dust which, along with other carcinogens and chemicals improvidently allowed and maintained aboard vessels like cigarette and tobacco smoke coupled with inadequate shipboard enclosed area ventilation, alone or in combination, caused the devastating pulmonary disease and death to Plaintiffs' decedent.

11. Moreover, in addition and alternatively, with respect to each and every defendant over which diversity of citizenship lies and with regard to exposures occurring to Plaintiffs' decedent at land-based facilities and not within the Court's admiralty and maritime jurisdiction or exposures occurring while aboard ships not in a capacity of a Merchant Mariner, defendants designed, manufactured and marketed asbestos products, products designed for asbestos use and products containing asbestos all and singular, to which Plaintiffs' decedent was exposed causing and contributing to the devastating medical condition and death to Plaintiffs' decedent.

12. As a direct and proximate result of said exposure to asbestos, Plaintiffs' decedent suffered cancerphobia, traumatic stressful fear of affliction and worsening of pneumoconiosis as well as exacerbation of existing diseases; and suffers anatomical disorder, structural changes, pulmonary diseases inclusive of asbestosis / mesothelioma / lung cancer / pneumoconiosis / chronic obstructive pulmonary disease / colon cancer / stomach cancer / rectal cancer / kidney cancer / pancreas cancer / pharynx cancer / brain cancer / other anatomical cancer, et cetera, either singularly or in combination thereof; and, moreover, Plaintiffs' decedent suffered death by reason thereof.

13. Defendants committed breach of their duty to Plaintiffs' decedent a foreseeable user by negligent failure to reasonably adhere to safe standards of design and manufacture of their products, and negligently failed to properly warn Plaintiffs' decedent a foreseeable user of the peril and committed breach of implied warranty of merchantability and fitness for the intended use of the products, all to the detriment of Plaintiffs' decedent's health and well-being.

14. Defendants produced, mixed, labeled, sold and/or placed into the stream of commerce their products containing asbestos; said products were defective and constituted an unreasonable risk of harm to persons, including Plaintiffs' decedent who would become exposed to the asbestos fibers.

15. The defective condition of Defendants' products existed at the time its products were placed into the stream of commerce by Defendant and continued to exist without substantial change at the time of Plaintiffs' decedent's exposure to it.

16. Defendants knew or should have known of the unreasonably dangerous condition of the products and the substantial danger to human health that the condition created.

17. Defendants failed to adequately inform, or warn Plaintiffs' decedent of the dangerous and harmful character of the products.

18. As a direct and proximate result of the dangerous and defective condition of said products that Defendants placed into the stream of commerce, Plaintiffs' decedent suffered serious injuries and losses and death.

19. Defendants, each, at all times herein relevant, committed acts and omissions of willful and wanton disregard for the safety and health of those unto whom the asbestos fibers foreseeably were exposed, including the Plaintiffs' decedent, constituting gross negligence as to non-vessel owner Defendants; then, as to Shipowners, the same applies, as well as the added averment that Shipowner Defendants willfully and wantonly with reckless indifference and disregard for Plaintiffs' decedent's safety did at all times relevant maintain the vessels in an unseaworthy condition with knowledge aforethought, and thereby formulated the basis for punitive damages.

20.     As a direct and proximate result of the acts and omissions aforestated by each of the defending parties herein, Plaintiffs' decedent sustained injuries and death as an indivisible, cumulative cause of each of the stated Defendants as contemplated in 341 U.S. 6, 71 S.Ct. 534 (1951). Plaintiffs seek damages as below stated:

  a. Loss of earnings and earning capacity during Plaintiffs' Decedent's lifetime;

  b. Conscious pain and suffering;

  c. Loss of support;

  d. Loss of society and companionship suffered by the heirs and next of kin of Plaintiffs' Decedent;

  e. Exemplary and punitive damages;

  f. Death by wrongful acts;

  g. Any and all other elements of damage cognizable in law which may be raised, pleaded and proved by the Plaintiffs during the pendency of this cause and at the time of trial.

WHEREFORE Plaintiffs demand trial by jury [or the Court, where applicable under 9(h) in accordance with paragraph 1] and judgment against Defendants, jointly and severally, in an amount exceeding Seventy Five Thousand ($75,000.00) Dollars, to be more particularly calculated and adjusted upwards during the pendency of this cause; and Plaintiffs demand punitive damages in an amount to be determined upon ascertaining the net worth of each Defendant herein; and Plaintiffs further seek interest, attorney fees and costs to be taxed in accordance with law, and such other and further measures of relief as the Court may determine to be appropriate and just in the premises.

THE MARITIME ASBESTOSIS LEGAL CLINIC, a
Division of THE JAQUES ADMIRALTY LAW FIRM

By: s/ Donald A. Krispin
_____
DONALD A. KRISPIN (P32381)
ROBERT E. SWICKLE (P21211)
Attorneys for Plaintiff
645 Griswold St., Ste 1550
Detroit, Michigan  48226
(800)492-3849

JURY DEMAND

Plaintiffs hereby demands trial by jury of all issues of this cause.

        THE MARITIME ASBESTOSIS LEGAL CLINIC, a
        Division of THE JAQUES ADMIRALTY LAW FIRM

            s/ Donald A Krispin
BY:   _____
        DONALD A. KRISPIN (P32381)
        ROBERT E. SWICKLE (P21211)
        Attorneys for Plaintiff
        645 Griswold St., Ste 1550
        Detroit, MI  48226
        (800) 492-3849


WAIVER OF FILING FEE

The above styled cause is a suit for the enforcement of laws enacted for the health and safety of seamen within the meaning of 28 U.S.C. §1916, permitting the filing of the within cause without pre-payment of fees or costs or security therefor.

        THE MARITIME ASBESTOSIS LEGAL CLINIC, a
        Division of THE JAQUES ADMIRALTY LAW FIRM

            s/ Donald A. Krispin
BY:   _____
        DONALD A. KRISPIN (P32381)
        ROBERT E. SWICKLE (P21211)
        Attorneys for Plaintiff
        645 Griswold St., Ste 1550
        Detroit, MI  48226
        (800) 492-3849

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

WILLARD E. BARTEL and DAVID C. PEEBLES,  JUDGE ROBRENO
Administrators for Enrique Silva,
Deceased (DOD 07/30/10), Plaintiff,     Case No: 2:11CV31282

vs

Academy Tankers Inc., et al,

PROOF OF SERVICE

The undersigned hereby certifies that a true and correct copy of Amended Complaint was filed electronically on April 26, 2012. Parties may access this filing through the Court's ECF system. Parties noted with an asterisk were served by United States mail, postage prepaid on said date.

| | |
|---|---|
| American Trading Transp. Co. | Richard C. Binzley |
| Charles Kurz & Company Inc. | Richard C. Binzley |
| Chesterton Co., A. W. | *John P. Patterson |
| Crane Company | Nicholas P. Vari |
| Crown, Cork & Seal Co., Inc. | Beth A. Sebaugh |
| Farrell Lines Inc. | Richard C. Binzley |
| Gatke Corporation | John Herke |
| General Refractories | *Barry L. Katz |
| IMO Industries, Inc. | Kevin C. Alexandersen |
| John Crane Inc. | Evan J. Palik |
| Keystone Shipping Company | Richard C. Binzley |
| Keystone Tankship Corporation | Richard C. Binzley |
| Marine Transport Lines Inc. | Richard C. Binzley |
| Trinidad Corporation | Richard C. Binzley |

/s/ Donald A. Krispin
The Maritime Asbestosis Legal Clinic